# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> THE CHICAGO LAND TRUST COMPANY, *et al.*, <br><br> Defendants. | Case No. 10 C 5415 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION AND BACKGROUND

Plaintiff John Anderson ("Anderson") was injured while assisting in the removal of scaffolding from a construction work site. Anderson sued several entities associated with the project, including Defendant Safway Services, LLC ("Safway"), a company which he alleged was responsible for providing defective scaffolding components that were the cause of his injury.

On August 27, 2012, Safway moved for summary judgment on the basis that Anderson had adduced no evidence that it was the supplier of the scaffolding in question. In response to Safway's Motion, Anderson submitted an affidavit claiming that his "understanding" based upon "personal[] observ[ations]" was that Safway was the source of the scaffolding. Safway objected to Anderson's affidavit on grounds that his assertions were based upon inadmissible hearsay and contradicted testimony from his prior deposition in which he admitted that he had no personal knowledge

as to the scaffolding's provider. Safway argued that Anderson had submitted the affidavit in bad faith and, therefore, it was entitled to reimbursement pursuant to Federal Rule of Civil Procedure 56(h) for the attorneys' fees that it had incurred in responding to Anderson's opposition to its Motion for Summary Judgment.

On September 27, 2013, the Court granted summary judgment in favor of Safway [ECF No. 127]. Agreeing with Safway's characterization of Anderson's affidavit, the Court further ordered that Anderson pay Safway the reasonable costs and fees that it had expended preparing its reply brief and responding to Anderson's Additional Statement of Facts. (*Id.* at 31-33). Anderson filed a Motion seeking reconsideration of that ruling, which the Court denied by Order dated March 6, 2014 [ECF No. 137]. The only remaining issue before the Court is the amount of fees to be awarded.

## II. LEGAL STANDARD

In calculating a reasonable fee award, the Court multiplies the reasonable number of hours expended by a reasonable hourly rate. *Anderson v. AB Painting and Sandblasting,* 578 F.3d 542, 544 (7th Cir. 2009). This amount is referred to as the "lodestar." *See, e.g., Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011). "Although the lodestar yields a presumptively reasonable fee, the court may nevertheless adjust the fee based on

factors not included in the computation." *Montanez v. Simon,* 755 F.3d 547, 543 (7th Cir. 2014) (internal citations omitted). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983).

### III.  ANALYSIS

#### A.  Reasonable Hourly Rate

Safway was represented in this action by the law firm Marasa Lewis, which is located in Chicago, Illinois. According to counsel's time records, two partners and one associate attorney worked on the summary judgment matters at issue. The two partners, Francis J. Marasa, Esq. and Jill B. Lewis, Esq., each billed at a rate of $225 per hour. The associate, Lauren E. Rafferty, Esq., billed at a rate of $215 per hour. Although Safway did not provide background details concerning these attorneys' respective levels of experience, the Illinois Attorney Registration & Disciplinary Commission website indicates that Mr. Marasa has been authorized to

practice in Illinois since 1976, Ms. Lewis since 1997, and Ms. Rafferty since 2010. *See, www.iardc.org/lawyersearch.asp.*

Courts assess the reasonableness of an attorney's requested hourly rate in view of the prevailing market rate for comparable legal services. *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.,* 73 F.3d 150, 153 (7th Cir. 1996). Because "the best evidence of the market value of legal services is what people pay for it," *id.,* a showing that the party seeking fees actually paid the amounts billed ordinarily is sufficient proof that the requested fee is "commercially reasonable." *Medcom Holding Co. v. Baxter Travenol Labs., Inc.,* 200 F.3d 518, 520-21 (7th Cir. 1999).

Because Safway has submitted invoices indicating that it paid Marasa Lewis' fees at the rates requested in its fee application, (Aff. of Mr. Marasa, sworn to on Mar. 2, 2014 ("Marasa Aff."), ¶ 5 & Ex. C, ECF Nos. 138-1, 138-3), the Court finds that there is substantial evidence that counsel's claimed hourly rates, which Anderson does not challenge, are reasonable. *See, e.g., U.S. Bank Nat. Ass'n v. Long,* No. 13-C-257, 2014 WL 3044617, at *3 (E.D. Wis. July 3, 2014) (finding a fee request reasonable where the party seeking fees submitted billing statements for the legal bills it had paid). Accordingly, the Court approves Mr. Marasa's, Ms. Lewis', and Ms. Rafferty's requested hourly rates.

## B. Reasonable Time Expended

Counsel's billing records indicate that a total of 59.7 hours were devoted to responding to the materials Anderson submitted in opposition to the motion for summary judgment. Mr. Marasa billed 12 hours on the matter, Ms. Lewis billed 26.6 hours, and Ms. Rafferty billed 21.1 hours. (Marasa Aff., Ex. B). Applying counsel's respective hourly rates to these time charges yields a total fee of $13,221.50. (In its Statement of Attorneys' Fees, Safway appears to have calculated this amount at $10,120.00. The reason for this discrepancy is unclear.)

Anderson argues that Safway's fees should be reduced because its billing records contain multiple entries pertaining to work that is not compensable under the September 27, 2013 and March 6, 2014 Orders, in which the Court explicitly limited Safway to reimbursement for the reasonable costs and fees associated with drafting its reply brief and response to Anderson's Additional Statement of Facts. (*See,* ECF No. 127 at 33 & ECF No. 137 at 8-9). Nonetheless, counsel's time records appear to include fees for a variety of tasks that fall outside of the scope of what the Court permitted Safway to recover. In particular, Safway seeks reimbursement for (1) 1.8 hours Ms. Rafferty spent "[e]xamin[ing] plaintiff's deposition testimony to compare with plaintiff's affidavit for Safway's Motion to Strike Plaintiff's Affidavit," (2) 2.1 hours Ms. Rafferty spent "[r]eview[ing] deposition testimony of

Mark Toepfer, Roy Micke, and Kevin Kruckeberg and the Great Northern Invoices for Safway's Motion to Strike Plaintiff's Affidavit and Safway's Reply in support of its Motion for Summary judgment," (3) 0.5 hours Ms. Rafferty spent on the "[i]nitial drafting of Safway's Motion for Leave to File an Amended Statement of Facts with its Reply in Support of Motion for Summary Judgment," (4) 0.9 hours Ms. Rafferty spent on the "[i]nitial drafting of Safway's Amended Statement of Material Facts," and (5) 0.9 hours Ms. Rafferty spent on "[a]dditional drafting of Safway's Amended Statement of Material Facts." (Marasa Aff., Ex. B, entries dated 4/18/2013, 5/19/2013, and 5/20/2013).

The Court agrees with Anderson that the above time charges are improper in light of the Court's prior directives. Other than a portion of the time Ms. Rafferty spent reviewing the Toepfer, Micke, and Kruckeberg depositions, none of these tasks relate to counsel's preparation of Safway's Reply brief or its response to Anderson's Additional Statement of Facts. Moreover, as Anderson points out, Safway never even filed an Amended Statement of Facts or a Motion to Strike Anderson's Affidavit. Accordingly, the Court deducts 5.15 hours of Ms. Rafferty's time (the Court credits Ms. Rafferty half of the time (1.05 hours) that she spent reviewing the Toepfer, Micke, and Kruckeberg depositions), which corresponds to a reduction of $1,107.25.

Anderson contends that further reductions are warranted because Safway's billing records contain numerous duplicative time charges. Courts must exclude from a fee request any hours expended that are "excessive, redundant, or otherwise unnecessary." *Stark v. PPM America, Inc.,* 354 F.3d 666, 674 (7th Cir. 2004). A review of counsel's time records in this case confirms that there was a great deal of overlap in the work performed by Mr. Marasa, Ms. Lewis, and Ms. Rafferty. For example, all three lawyers billed for the initial drafting of Safway's Reply brief and response to Anderson's Additional Statement of Facts. On April 18, 2013, Mr. Marasa logged 1.5 hours for time spent reviewing Anderson's opposition papers and "begin[ning] preparation of [Safway's] Reply drafts." (Marasa Aff., Ex. B, entry dated 4/18/2013). Thereafter, on May 16 and 19, 2013, Ms. Rafferty reported that she spent a total of 5.5 hours on the "[i]nitial drafting" of Safway's Reply and responsive statement of facts. (*Id.,* entries dated 5/16/2013 & 5/19/2013). Despite these prior entries, Ms. Lewis subsequently billed an additional 2.3 hours several days later for the "[i]nitial drafting" of Safway's responses to Anderson's Additional Statement of Facts. (*Id.,* entry dated 5/21/2013). To account for the redundancies in these billing entries, the Court finds it appropriate to deduct the combined 3.8 hours that Mr. Marasa and Ms. Lewis spent on this "initial" work. At the applicable hourly partner rate, this adjustment correlates to a reduction of $855.00.

Similar reductions are proper for:

1. 2 hours billed by Mr. Marasa for "[c]ontinued review of deposition transcripts and evidentiary filings for responses," (Marasa Aff., Ex. B, entry dated 4/18/2013), which the Court finds duplicative of the time Ms. Rafferty's billed for reviewing and examining the same deposition testimony, (*id.,* entry dated 4/18/2013);

2. 1.5 hours billed by Mr. Marasa for reviewing Anderson's opposition papers, (*id.,* entry dated 4/16/2013), which the Court finds duplicative of Mr. Marasa's subsequent entry for "[r]eview of all of [Anderson's] responses," (*id.,* entry dated 4/18/2013);

3. 3.7 hours billed by Ms. Lewis for time spent "[e]xamin[ing] and analyz[ing] all depositions, supporting exhibits, [and] affidavits of plaintiff," (*id.,* entry dated 5/22/2013), which the Court finds duplicative of the work Ms. Rafferty expended on the same tasks, (*see, id.,* entries dated 4/16/2013);

4. 2.5 hours billed by Ms. Lewis for "[f]inal drafting" of Safway's responses and objections to Anderson's Additional Statement of Facts, (*id.,* entry dated 5/23/2013), which the Court finds duplicative of the time Ms. Rafferty billed for the same work (*id.,* entry dated 5/23/2013); and

5. 2.5 of the 8 hours billed by Ms. Lewis on May 23, 2013, for time spent drafting Safway's reply brief, (*id.,* entry dated 5/23/2013), which the Court finds excessive in light of the work Ms. Rafferty and Mr. Marasa already had expended on the brief, (*id.,* entries dated 5/19/2013, 5/21/2013, and 5/22/2013).

These deductions translate to an overall reduction in the amount of $2,745.00.

Finally, the Court finds it necessary to deduct $67.50 for the 0.3 hours Ms. Lewis billed for drafting certain correspondence to the Court and preparing courtesy copies of Safway's Reply papers. (Marasa Aff., Ex. B, entry dated 5/23/2013). Because these tasks could have been assigned to a legal assistant, Ms. Lewis' time charges must be excluded. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (disallowing recovery for hours expended by counsel on work that is "easily delegable to non-professional assistance").

### IV. CONCLUSION

For the reasons stated herein, the Court approves Safway's Amended Application for Fees [ECF No. 138], but reduces the award to $8,446.75, which amount shall be paid within thirty (30) days of the entry of this Order. Safway's initial Application for Fees [ECF No. 128] is denied as moot.

A status conference shall be held on September 18, 2014, at 9:00 a.m., to discuss a trial date for the remaining claim in this case against Defendant Midwestern Regional Medical Center.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: 9/19/2014